**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SYLVIA MEDEL** | § | |
| | § | |
| **v.** | § | **A-10-CA-771 LY** |
| | § | |
| **TRAVIS COUNTY JUVENILE** | § | |
| **PROBATION DEPARTMENT** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are:  Defendant's Motion to Dismiss Pursuant to 12(B)(6) (Clerk's Docket No. 4); Plaintiff's Memorandum in Support of and Motion to Dismiss Title VII Claim and Motion to Remand (Clerk's Docket No. 12); Defendants' Motion for Ruling on Motion to Dismiss (Clerk's Docket No. 14);[1] Plaintiff's Amended Motion to Dismiss Title VII and ADEA Claims and Motion to Amend (Clerk's Docket No. 15); and the Parties' responsive briefs. The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On August 23, 2010, Plaintiff Sylvia Medel, an Hispanic female, filed the above-styled employment discrimination lawsuit against her employer, Travis County Juvenile Probation Department, in state court.  Plaintiff's Original Petition alleges: (1) "discrimination on sexual

---

[1]Given the Court's recommendations, Defendants' Motion for Ruling on Motion to Dismiss (Clerk's Docket No. 14) is HEREBY DISMISSED as Moot.

harassment, and discriminatory retaliation" in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.,* Chapter 21 of the Texas Labor Code, Tex. Labor Code Ann. §§ 21.051 *et seq.,* and her rights to Equal Protection under Article I of the Texas Constitution; and (2) "discrimination based on Plaintiff's disability in violation of Chapter 21 of the Texas Labor Code and the ADEA."[2]

On October 15, 2010, Defendant removed this case to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(a), since the Petition alleges federal claims under Title VII and the ADA.[3]  Shortly thereafter, Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Travis County Juvenile Probation Department as a division of the County, is not a separate legal entity capable of being sued.  In response to Defendant's Motion to Dismiss, Plaintiff filed a "Motion to Dismiss her Title VII Claim and Motion to Remand" asking the Court to "dismiss her Title VII claim" and "remove the case back to state court." Plaintiff's Motion at p. 1.  Defendant argues that the Motion to Remand should be denied because Plaintiff has failed to follow the proper procedures to have the case remanded to state court and points out that Plaintiff failed to move for dismissal of her other federal claim—her ADA/ADEA claim.  In response, Plaintiff filed an "Amended Motion to Dismiss Title VII and ADEA claims" contending that she "wishes to dismiss both her Title VII and ADEA claims" and seeks to have the case remanded to state court. *See* Amended Motion at p. 1.  Before addressing the merits of the

---

[2]Although Plaintiff alleges that she was discriminated based on her "disability" she cites to the ADEA, not the ADA.  See Petition at ¶18.  Since Plaintiff mentions both her age (over 40) and an alleged disability (she fails to mention what disability) in her Petition, the Court is unable to determine whether Plaintiff is pursuing an ADA or an ADEA claim in this case.

[3]Defendant has interpreted Plaintiff's Petition to have asserted a claim under the ADA.  See Defendant's Response at n. 1.

Defendant's Motion to Dismiss, the Court must first determine whether Plaintiff's case should be remanded to state court.

## II.  ANALYSIS

**A.**     **Plaintiff's Motion to Remand**

Under 28 U.S.C. § 1441(b), a defendant may remove to the federal courts "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States," *i.e.*, those actions presenting a federal question. 28 U.S.C. § 1441(b). *See also*, *Bernard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiffs pleaded complaint").  The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  "Once a case has been properly removed, there is very little that a plaintiff can do that will defeat federal subject-matter jurisdiction and force a remand to state court." 14B Wright, Miller, Cooper & Steinman, Federal Practice and Procedure, § 3721 (2009 4th ed.).  Because Plaintiff's state court petition unambiguously alleges claims under Title VII and the ADEA/ADA, the Court finds that this case falls within this Court's original jurisdiction and, therefore, Defendant properly removed this case under § 1441(b). Regardless, Plaintiff now seeks to dismiss her federal claims and requests that the case be remanded to state court.

Although Plaintiff did not file a Motion for Leave to Amend under Rule 15(a), the Court will construe Plaintiff's "Motion to Dismiss Title VII and ADEA Claims" as a Motion for Leave to Amend her Complaint under Federal Rule of Civil Procedure 15(a).  *See United States ex rel.*

*Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (noting that Rule 15(a) applies where plaintiff expressly requests to amend even though request was not contained in a properly captioned motion).[4]    Under Rule 15(a)(2), a district court should "freely give leave" to amend a complaint "when justice so requires." FED. R. CIV. P. 15(a)(2).   However, denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment.   *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). Bad faith has been found when a "plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded." 6 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1487 (3d ed. 2010).   Thus, a plaintiff will not be permitted to amend her complaint in order to remove any federal claims merely in an attempt to deprive the district court of jurisdiction.   *See Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3rd Cir. 1993) ("a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint"); *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir. 1985) (noting the rule that "a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions."); *Sanchez v. Laredo Indep. Sch. Dist.*, 2010 WL 466003 at * 2 (S.D. Tex. Feb. 9, 2010) (finding that a plaintiff may not divest a district court of federal question jurisdiction simply

---

[4]Although Plaintiff could have attempted to file an amended complaint "as a matter of course" under Rule 15(a)(1), Plaintiff failed to do so within the 21 day time period allotted. However, even if Plaintiff had attempted to file an amended complaint within the deadline under Rule 15(a), leave of Court would have been required. *See Whitworth v. TNT Bestway Transportation, Inc.*, 914 F. Supp.1434, 1435 (E.D. Tex. 1996) (finding leave of court is necessary when amendment would destroy diversity);  *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 908 (S.D. Miss. 1995). ("Where the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary").

by amending the complaint so that only claims under state law remain); *Ehrhardt v. Elec. & Instrumentation Unlimited of La.*, 137 F. Supp.2d 765, 766 (E.D. Tex. 2001) (denying motion to amend complaint where since amendment was intended only to defeat the court's jurisdiction). *See* also, 14B Wright, Miller, Cooper & Steinman, FEDERAL PRACTICE AND PROCEDURE, § 3721 (2009 4th ed.) ("a plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims"). As one court reasoned, "[i]t is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment." 6 Wright, Miller & Kane, FEDERAL PRACTICE & PROCEDURE § 1477 (3d ed. 2010) (quoting *Jacks v. Torrington Co.*, 256 F. Supp. 282, 287 (D.S.C. 1966)).

Plaintiff has failed to provide the Court with any reason to support her request to drop all of her federal claims from her Petition other than merely to defeat this court's federal question jurisdiction. The Court finds that Plaintiff's request to amend her Petition has been taken in bad faith in an attempt to manipulate jurisdiction and therefore her request should be denied at this time. *See Bouie v. Equistar Chemicals, L.P.,* 2006 WL 1736557 at * 4 (5th Cir. June 22, 2006) (affirming district court's denial of employee's motion to amend complaint to remove federal claims where motion was taken in bad faith to merely defeat federal jurisdiction). Even if the Court granted Plaintiff permission to amend her Complaint at this time and remove all federal claims, the Court would still retain jurisdiction over Plaintiff's state law claims under the Court's supplemental jurisdiction. *See* 14B Wright, Miller, Cooper & Steinman, FEDERAL PRACTICE AND PROCEDURE, § 3721 (2009 4th ed.) ("A federal court may retain jurisdiction over state law claims despite the dismissal of the federal claims that were the predicate for the court's jurisdiction upon removal").

5

*See also*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938) (noting the amendment of plaintiff's pleadings does not deprive the district court of jurisdiction); *Bank One Texas Nat. Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) ("Because jurisdiction is determined as of the time of removal and post-removal events will generally not deprive the court of jurisdiction, the FDIC's subsequent dismissal from the case did not deprive the court of subject matter jurisdiction"). Thus, the case would remain in federal court regardless of any amendment.

Based upon the foregoing, the Court recommends that the District Court DENY Plaintiff's Motion to Remand.

**B.      Defendant's Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for a failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted), *cert. denied*, 552 U.S. 1182 (2008). To survive the motion, a nonmovant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

As discussed above, Defendant argues that Plaintiff's case should be dismissed under Rule 12(b)(6) because "Travis County Juvenile Probation Department" is not a legal entity capable of being sued. Defendant contends that Travis County Juvenile Probation Department is a county department and has not been granted authority to sue or be sued. The Court agrees.

The capacity of an entity such as a county department to sue or be sued is "determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). In order for a plaintiff to sue a department of a city or county, that department must enjoy a separate legal existence. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.* Thus, "[a] department of county government cannot engage in litigation 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority.'" *Johnson v. Miles*, 2008 WL 4524823 at * 2 (E.D. Tex. Sept. 29, 2008) (quoting *Darby*, 939 F.2d at 313-14). The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314.

In the instant case, Plaintiff has failed to allege or demonstrate that Travis County Juvenile Probation Department has been granted jural authority by Travis County. Because Plaintiff has failed to show that Travis County Juvenile Probation Department is a separate legal entity with the capacity to be sued, it should be dismissed from this lawsuit. *See Hicks v. Tarrant County Sheriff's Department,* 2009 WL 2762378 at * 1-2 (5th Cir. Sept. 1, 2009) (dismissing claims against Tarrant County Sheriff's Department and County Commissioners where plaintiff failed to show that

defendants were separate legal entities amenable to suit); *Lone Star Chapter Paralyzed Veterans of America v. City of San Antonio,* 2010 WL 3155243 at * 2 (W.D. Tex. Aug. 5, 2010) (granting motion to dismiss sheriff's department where plaintiff failed to demonstrate department was a separate legal entity); *Baker v. Navarro County Jail System,* 2009 WL 3295136 at * 2 (N.D. Tex. Oct. 9, 2009) (granting Rule 12(b)(6) motion where plaintiff failed to allege that County granted the department jail system jural authority); *Arredondo v. Gulf Bend Center*, 2006 WL 3761786 at * 1 (S.D. Tex. Dec. 20, 2006) (dismissing claims against Harris County Sheriff's Department since department had no separate legal existence).

Based upon the foregoing, the Court will RECOMMEND that the Motion to Dismiss be granted. However, the Court recommends that the District Judge permit Plaintiff to file an Amended Complaint in this case in order to name the proper defendant—Travis County—in this case. *See Darby*, 939 F.2d at 315 (permitting plaintiff who had sued the wrong party to amend his pleading). If at that time, Plaintiff still wishes to drop her federal claims in this case, she may do so with the explicit understanding that this case will remain in federal court under the Court's supplemental jurisdiction. If Plaintiff decides to pursue her federal claims, however, she must clarify in the Amended Complaint whether she is pursuing a claim under the ADA or the ADEA.

### III. RECOMMENDATION

The undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's Motions to Dismiss and Motions to Remand (Clerk's Docket Nos. 12 &15). The Court **FURTHER RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Pursuant to 12(b)(6) (Clerk's Docket No. 4). However, the Court also **RECOMMENDS** that the Plaintiff be permitted to file an Amended Complaint in accordance with the instructions included herein.

## IV.  WARNINGS

The parties may file objections to recommendations contained within this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of February, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE